United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROKSANA MEDANI, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 5:26-cv-06332-EJD

**ORDER ENFORCING PRELIMINARY INJUNCTION**

Re: Dkt. No. 87

Before the Court is Plaintiffs' emergency motion to enforce the Court's August 28, 2026, Preliminary Injunction ("PI" or "Order") pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 70. Mot., ECF No. 87; Opp'n, ECF No. 89; Reply, ECF No. 90; *see also* PI Order, ECF No. 87. The Court held a hearing on September 10, 2026, and heard oral arguments from the parties. ECF No. 91. For the reasons stated below, the Court **GRANTS IN PART** Plaintiffs' motion.

## I. BACKGROUND

In its PI, the Court temporarily vacated two policies promulgated by the Department of State ("DOS")[1] and ordered "DOS, to the extent practicable and in good faith, to take all reasonable steps during the remainder of the Diversity Visa fiscal year to reconsider applications refused solely under the DOS DV Pause or the DOS 75-Country Pause and resume ordinary adjudication of pending applications." PI Order 22. The Court also noted that its Order "does not foreclose the possibility of supplemental relief pending report on Defendants' good faith efforts to

[1] The PI also temporarily vacated a third policy promulgated by USCIS, but USCIS is not subject to Plaintiffs' emergency motion.

United States District Court
Northern District of California

comply with these directives." *Id.*

Ten days later, on September 8, 2026, Plaintiffs filed the present emergency motion, arguing that DOS is not complying with the Court's Order. Specifically, Plaintiffs allege that DOS "has not scheduled a single consulate interview for any plaintiff since the Court's Order issued, and it is now affirmatively cancelling the September 2026 interviews that had already been scheduled for named plaintiffs." Mot. 2. Plaintiffs also allege that DOS has continued enforcing the vacated policies through at least September 1, 2026, when a class member received an email from a consular office in Taiwan that stated: "Please be advised that as the suspension of the DV-2026 program continues, all administrative processing for DV applicants remains paused pending further instructions." Mot., Ex. B1, ECF No. 87-2; *see also id.,* Ex. B2–B23, ECF Nos. 87-3–87-24 (correspondences from DOS refusing additional documentation, rescheduling interviews to an unknown time and date, etc.). As relief, Plaintiffs request an order directing DOS to take actions including: complying with the PI; instructing personnel that no interview may be cancelled, postponed, or withheld based on the vacated policies; instructing personnel to accept all documentation needed to process the visas; scheduling all interviews within three days; processing all previously denied applications within seven days; and providing periodic updates on the status of these efforts. *See* Mot. 18–20.

The Court ordered DOS to file a response. Order Re Em. Mot., ECF No. 88. In its opposition, DOS did not deny that it had not scheduled or conducted a single interview, or issued a single Diversity Visa, since the Court's Order. *See* Opp'n. Rather, DOS contended that it spent this time creating "guidance" on how DOS personnel should comply with the Court's Order. *Id.* at 3–4. However, as a more recent update, DOS's counsel informed the Court during the September 10 hearing that DOS had sent a cable to all consulates and U.S. embassies earlier that morning. DOS has not yet[2] filed this cable with the Court, but its counsel represents that the cable: (1) notifies personnel that the Court's Order deems the two policies no longer in effect; (2)

[2] Counsel indicated that he planned to file the cable with the Court following the hearing.

United States District Court
Northern District of California

notifies personnel that no applicant may be refused under either policy; (3) requires personnel to identify applicants previously refused solely under the two policies; and (4) provides guidance on how to comply with the Court's Order and how to communicate the policy changes with the public.

## II. DISCUSSION

The Court is troubled by DOS's failure to schedule a single interview—and affirmative cancellation of already scheduled interviews—following the Court's explicit order that "DOS, to the extent practicable and in good faith, [] take all reasonable steps during the remainder of the Diversity Visa fiscal year to reconsider applications refused solely under the DOS DV Pause or the DOS 75-Country Pause and resume ordinary adjudication of pending applications." PI Order 22. The Court is also troubled by DOS's ten-day delay in instructing its personnel to comply with the Court's Order. With each day that passes, hundreds of selectees lose their opportunity to receive a Diversity Visa before the end of the fiscal year. *See* Opp'n 4 (indicating that DOS adjudicated 6,890 Diversity Visa applications worldwide in September 2025, which equates to approximately 230 applications per day). However, the Court is encouraged by counsel's representation of the contents of DOS's recent cable, which appear to include much of the same language Plaintiffs requested in their emergency motion.

To ensure compliance with the PI moving forward, the Court will order DOS to file a status report by 12:00 p.m. (PT) every Monday, Wednesday, and Friday until the end of the fiscal year. The first status report shall be due Monday, September 14. The reports shall provide the Court with information including: (1) recent actions taken to comply with the Court's Order; (2) the number of interviews scheduled and held since the last status report; and (3) the number of visas issued and denied since the last status report. Should the status reports reflect a lack of good faith effort to comply with the PI, the Court may hold a subsequent hearing. The Court otherwise denies Plaintiffs' request for further relief at this time.

In light of these recent events, or lack thereof, the Court is concerned that DOS may be "dragging its feet" "to avoid the full impact of court orders" before the end of the fiscal year.

*Goodluck v. Biden*, 104 F.4th 920, 929 (D.C. Cir. 2024) (internal quotation marks omitted) (quoting the appellee's brief). In which case, should the fiscal year end without meaningful good faith compliance, the Court's ability to provide an equitable remedy could[3] become more limited. The Court would benefit from additional briefing on this issue of whether there has been full compliance since the date of the Court's Order, and if not, whether a finding of contempt may be appropriate and what sanctions would be available, or unavailable, to the Court.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiffs' motion. The Court **ORDERS** DOS to file a status report in accordance with this Order by 12:00 p.m. (PT) every Monday, Wednesday, and Friday until the end of the fiscal year, beginning on Monday, September 14. The Court welcomes further briefing on the remaining compliance issues discussed in this Order.

**IT IS SO ORDERED.**

Dated: September 10, 2026

EDWARD J. DAVILA
United States District Judge

[3] The Court makes no finding at this time on the Court's authority to preserve selectees' ability to receive a Diversity Visa past the September 30 deadline but observes the D.C. Circuit's holding in *Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024), that district courts lack the authority to craft an equitable remedy requiring DOS to expeditiously process and adjudicate diversity visa applications past the fiscal year. The Court also observes, however, that the Circuit explicitly did "not consider whether, if there were [] a case of bad faith or undue delay in complying with a timely entered injunction, the district court could issue contempt sanctions against the government even if it could not grant relief directly to visa applicants past the end of the fiscal year." *Id.* at 929.



United States District Court
Northern District of California