CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROKSANA MEDANI *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as the President of the United States*, *et al.*,<br><br>Defendants. | CASE NO. 5:26-cv-06332-EJD<br><br>**ADMINISTRATIVE MOTION FOR TEMPORARY STAY OF ORDER GRANTING IN PART MOTION FOR SUPPLEMENTAL RELIEF; ~~[PROPOSED]~~ ORDER**<br><br>Hon. Edward J. Davila |

Pursuant to Civil Local Rule 7-11,[1] Defendants respectfully submit this motion for administrative relief, requesting that the Court issue a stay of its order granting in part Plaintiffs' motion for supplemental relief (ECF No. 137, the "Order") for ten days, to allow the U.S. Department of State ("DOS") to address certain technological issues with the visa systems that prevent adjudications of diversity visas beyond the conclusion of the fiscal year and provide adequate guidance for embassies and consular posts to implement the Court's Order. If DOS believes it can address these issues earlier than ten days, it will notify the Court as soon as practicable in a status report.

## I. Factual Background

On September 30, 2026, the Court issued the Order granting in part Plaintiffs' motion for supplemental relief, and directed:

> - DOS, to the extent practicable and in good faith, shall take all reasonable steps for an additional ten days past the 2026 fiscal year to reconsider FY-26 applications refused solely under [the two DOS policies at issue] and resume ordinary adjudication of pending applications.
> - To the extent that DOS requires additional time to create guidance for diplomatic and consular posts to comply with this Order, DOS must seek leave of Court for a temporary stay of enforcement.
> - The Court expects prompt communication from DOS regarding any unforeseen issues that may impact compliance with this Order.
> - DOS shall continue filing status reports in accordance with the Court's Order Enforcing Preliminary Injunction, ECF No. 93, by 12:00 p.m. (PT) every Monday, Wednesday, and Friday until the additional adjudication period is complete.
> - The Court **SETS** a status conference for October 15, 2026, at 10:00 a.m.

Order at 9-10.

On October 1, 2026, DOS notified all regional posts of the Court's Order and that the posts should await further guidance from DOS regarding the continued adjudication of diversity visa ("DV") applications.

## II. U.S. Department of State Needs Additional Time to Develop and Provide Guidance for Regional Posts

Because DOS does not process and issue DVs past the fiscal year, as expressly provided by statute, *see* 8 U.S.C. § 1154(a)(1)(I)(ii)(II), DOS needs additional time to develop and provide guidance for regional posts to implement the Court's Order. Before doing so, DOS must first implement solutions to

[1] Given the time constraint and urgency of the request, Defendants did not have the opportunity to confer with Plaintiffs regarding the temporary stay.

bypass system guardrails that are currently in place that prevent DV adjudication after the conclusion of the fiscal year. This requires DOS to manually update these systems to restore the ability to issue visas. Based on initial estimates, DOS will need to facilitate a post-by-post upload of assigned case numbers and a manual monthly allocation of DV-2026 visa numbers for October 2026 for 111 posts around the world. Once DOS implements solutions and provides adequate guidance for the regional posts on the processing of applications past the fiscal year, consular officers will be able to complete adjudications.

Additionally, no further actions on DV applications, including re-interviews, had been scheduled to occur after September 30. Posts will need to resume scheduling re-interviews at the 111 DV-processing posts, and applicants will need time to travel to the appointment and prepare. For example, some applicants may need to obtain new medical examinations or documentation, which many may not have expected to do after the fiscal year ended. Posts should be able to begin scheduling appointments immediately upon receiving instruction to do so, but they will not be able to issue visas until the system updates are complete.

Further, Plaintiffs and class members will not be prejudiced by a temporary stay of the Order, because the statutory deadline no longer applies to their diversity visa applications. Indeed, well-considered guidance by DOS would benefit Plaintiffs and class members by facilitating a more orderly process of their visa applications.

Therefore, as provided by the Court in its Order, Defendant respectfully asks that the Court issue a temporary stay of enforcement for ten days.

Date: October 1, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_______________
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendants

**~~[PROPOSED]~~ ORDER**

Defendants' request for a temporary stay of the Court's order granting in part Plaintiffs' motion for supplemental relief (ECF No. 137) is granted. Defendants shall develop guidance for diplomatic and consular posts to comply with the Court's order within ten days and implement the Court's order.

Date: October 1, 2026

HONORABLE EDWARD J. DAVILA
United States District Judge